**RODNEY S. DIGGS, ESQ. (SBN 274459)**
rdiggs@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS, APLC**
444 S. Flower St., Suite 1800
Los Angeles, CA 90071
Telephone: (213) 489-0028
Facsimile: (213) 489-0552

Attorney for Plaintiff
**MARLON HAWKINS,** an individual

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON HAWKINS, an individual, <br><br> *Plaintiff,* <br><br> vs. <br><br> RADNET MANAGED IMAGING SERVICES, INC., a corporation; WILLIAM MUIR MD, LTD., an entity; FORENSIC SPECIALISTS, LTD., an entity; CAPITAL FINANCING, an entity; ANESTHESIA AND INTENSIVE CARE SPECIALISTS, LLP, a limited liability partnership; SIMONMED IMAGING, A PROFESSIONAL CORPORATION, a corporation; INFINITY CAPITAL MANAGEMENT, a corporation; LAS VEGAS PHARMACY, an entity, <br><br> *Defendants* | **CASE NO.:** <br><br> **RELATED TO** <br> **CASE NO.:** 20-CV-00557-MWF-SP <br><br> **VERIFIED COMPLAINT FOR:** <br><br> **INTERPLEADER – 28 U.S.C. § 1335** |

1

Plaintiff, **MARLON HAWKINS** (hereinafter "HAWKINS"), an individual, alleges:

## PARTIES

1. Plaintiff, MARLON HAWKINS (hereinafter "HAWKINS"), was at all relevant times herein mentioned at the time of the incident an individual residing in California in the County of San Bernardino.

2. Plaintiff is informed and believes and on that basis alleges that Defendant RADNET MANAGED IMAGING SERVICES, INC., (hereinafter "RADNET") is a corporation conducting business in the State of California in the County of San Bernardino, and existing under the laws of California.

3. Plaintiff is informed and on that basis alleges that Defendant FORENSIC SPECIALISTS, LTD., (hereinafter "FORENSIC") is an entity conducing business in Henderson, Nevada, and existing under the laws of Nevada.

4. Plaintiff is informed and on that basis alleges that Defendant WILLIAM MUIR MD, LTD., (hereinafter "MUIR") is an entity conducting business in Las Vegas, Nevada, and existing under the laws of Nevada.

5. Plaintiff is informed and on that basis alleges that Defendant CAPITAL FINANCING, (hereinafter "CAPITAL") is an entity conducting business in the State of California and existing under the laws of the state of Georgia.

6. All Defendants herein shall be collectively referred to as ("Defendant Creditors").

7. Plaintiff is informed and believes Defendant ANESTHESIA AND INTENSIVE CARE SPECIALISTS, LLP, (hereinafter "AICS") is a limited liability partnership conducting business in Lasa Vegas, Nevada, and existing under the laws of Nevada.

8. Plaintiff is informed and believes Defendant SIMONMED IMAGING, A PROFESSIONAL CORPORATION (hereinafter "SIMONMED") is a

corporation conducting business in the state of Nevada and exiting under the laws of Arizona.

9. Plaintiff is informed and believes Defendant INFINITY CAPITAL MANAGEMENT is a corporation conducting business in Henderson, Nevada and existing under the laws of the state of Nevada.

10. Plaintiff is informed and believes Defendant LAS VEGAS PHARMACY (hereinafter "LAS VEGAS PHARMACY" is an entity conducting business in Las Vegas, Nevada and exiting under the laws of the state of Nevada.

## JURISDICTION AND VENUE

11. This Court has jurisdiction based on Title 28 U.S. Code § 1335.

12. This Court has venue based on Title 28 U.S. Code § 1391

## FIRST CAUSE OF ACTION
## (INTERPLEADER)
### [PLAINTIFF against all DEFENDANTS]

13. On March 17, 2020, Plaintiff filed his Complaint in the matter *Marlon Hawkins v. The City of Barstow, CA et al., (Case No. EDCV 20-557-MWF-SP)* (Dkt. 1) and thereafter a First Amended Complaint in the same matter on July 8, 2020 (Dkt. 30) against the City of Barstow, California, Officer Jimmy Alfred Walker, Officer Jose Barrientos, Officer Vincent Carrillo, Officer Matthew Allen Helms, and DOES 1-10, Inclusive, when he was unlawfully apprehended, physically and verbally assaulted and battered by the Defendants described therein his Complaints.

14. Following the incident, Plaintiff sought out extensive medical care from the Defendants Creditors.

15. Plaintiff and Defendant City of Barstow thereafter entered into a confidential settlement agreement (hereinafter the "Agreement") on December 7, 2020 regarding *Marlon Hawkins v. The City of Barstow, CA et al. (Case No. EDCV 20-557-MWF-SP*. After payment of fees and costs, $15,000.00 remains from the

Agreement funds.

16. The Agreement funds at issue are currently being held in an Attorney Client Trust Account.

17. Now, the following Defendant Creditors have made their respective claims against Plaintiff alleging entitlement to $15,000.00 in funds remaining under the Agreement:

1. WILLIAM MUIR MD, LTD., an entity;
2. FORENSIC SPECIALISTS, LTD., an entity;
3. CAPITAL FINANCING, an entity;
4. RADNET MANAGED IMAGING SERVICES, INC., a corporation;
5. ANESTHESIA AND INTENSIVE CARE SPECIALISTS, LLP, a limited liability partnership;
6. SIMONMED IMAGING, A PROFESSIONAL CORPORATION; a corporation;
7. INFINITY CAPITAL MANAGEMENT, a corporation;
8. LAS VEGAS PHARMACY, an entity.

18. Said claims mentioned in Paragraph 13 are all made in reference to the approximately $15,000.00 at issue remaining under the Agreement.

19. The Defendant Creditors mentioned in Paragraph 13 have made claims that are adverse and conflicting to each other.

20. Unless Defendant Creditors, and each of them, are restrained from prosecuting actions or claims against Plaintiff, Plaintiff will suffer irreparable injury, may be subjected to judgment in excess of his settlement, and would be subjected to protected, multiple, and expensive litigation, excessive costs of suit, attorneys' fees, and other damages and the remaining funds under the Agreement will be subject to possible inequitable distribution.

21. The total maximum liability of Plaintiff to all Defendant Creditors is $15,000.00 in the aggregate.

## INTERPLEADER TO DISPUTED CLAIMS PROPER

22. With respect to the Agreement funds at issue, Plaintiff is a disinterested stakeholder.

23. Plaintiff does not know to which of said Defendants is entitled to the Agreement funds at issue.

24. Plaintiff has a real and reasonable fear of liability or vexatious, conflicting claims directed against the Agreement funds at issue and is not in the position to accurately determine which Party's claim to the Agreement Funds is meritorious without great possible multiple liability.

25. Under the provisions of Title 28 U.S. Code § 1335, Plaintiff is entitled to join all persons asserting claims against the Agreement funds at issue in a single proceeding so that Plaintiff may avoid duplicative litigation and the possibility of multiple or inconsistent liability on the conflicting and adverse claims of Defendant Creditors.

## ATTORNEYS' FEES

26. Historically, courts have interpreted…the general equitable powers of the court, to allow for an award of attorneys' fees to the disinterested stakeholder. *Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.* 306 F.2d 188, 193–95 (9th Cir. 1962); *see also* 7 WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 1719 (3d ed. 2010 Supp.).

27. The availability of attorneys' fees for interpleader plaintiffs "recognizes that by bringing the action, the plaintiff benefits all parties by 'promoting early litigation on the ownership of the fund, thus preventing dissipation.'" *Trustees of Directors Guild of America–Producer Pension Benefits Plans v. Tise* 234 F.3d 415, 426 (9th Cir. 2000) (quoting *Schirmer Stevedoring* 306 F.2d at 194); *California Pipe*

*Recycling, Inc. v. Southwest Holdings, Inc.,* Case No. CV F 08–0236 LJO SMS, 2009 WL 424325, *5 (E.D. Cal., Feb. 19, 2009).

28. "[A] disinterested stakeholder who is threatened with multiple liability and who interpleads the claimants should ordinarily not bear the expenses it incurs in bringing the action, and is entitled to attorneys['] fees." *Dusseldorp v. Ho* 4 F. Supp. 3d 1069, 1071 (S.D. Iowa 2014), citing *In re Tech. Equities Corp.* 163 B.R. 350, 360 (Bankr. N.D. Cal. 1993).

29. It is fundamental that an award of attorney fees in an interpleader action is within the trial court's discretion and may be charged against the fund. *Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.* 306 F.2d 188, 195–95 (9th Cir. 1962).

30. "[A] grant of attorney fees to an interpleader is not mandatory, but is permissive and within the trial court's discretion." *San Rafael,* 327 F.2d at 587. The trial court is limited only by the rule that attorney fees must not be granted if incurred in asserting an interest of the interpleader in the funds. *In re Tech. Equities Corp* at 360.

31. "While a completely disinterested stakeholder should not ordinarily be out of pocket for the necessary expenses and attorney's fees incurred by him, the amount allowed for such fees should be modest." *Chase Inv. Servs. Corp. v. L. Offs. of Jon Divens & Assocs., LLC* No. CV099152SVWMANX, 2010 WL 11597568, at *4 (C.D. Cal. June 10, 2010).

32. Here, Plaintiff seeks to promote quick and efficient litigation of the rights of the funds at issue under the Agreement. Plaintiff is an uninterested Party because Plaintiff does not seek any recovery of the sum at issue by Defendant Creditors. In such case, Courts have consistently found that the plaintiff is entitled to recovery of reasonable attorneys' fees. Lastly, Plaintiff is also at risk of multiple litigation in this matter for a menial sum and should therefore not bear the cost of

bringing this this action. Therefore, reasonable attorneys' fees are proper in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, MARLON HAWKINS, prays for judgment as follows:

1. That Defendant Creditors, and each of them, be ordered to interplead and litigate their respective rights and claims against the amount at issue.

2. That Plaintiff, MARLON HAWKINS, be discharged from any and all liability on account of the claim by any Defendant Creditor or any other creditor if Plaintiff delivers into Court or to the Creditor designated by the Court, the amount or so much thereof as may be necessary to be applied to any final judgment which may be rendered in favor of the Defendant Creditor, or any of them, by the Court in this action;

3. That each Defendant Creditor be restrained from instituting an action or further prosecuting any pending action or claim for recovery of sums against the settlement amount;

4. For any costs of suit against each and every Defendant;

5. For Plaintiff to recover out of the funds at issue under the Agreement costs and attorneys' fees incurred in this action and all actions connected to the Agreement funds; and

6. For such other and further relief as the Court deems proper.

Dated: July 30, 2021            **IVIE McNEILL WYATT PURCELL & DIGGS**

                        By:     */s/ Rodney S. Diggs*
                                Rodney S. Diggs, Esq.
                                Attorney for Plaintiff,
                                **MARLON HAWKINS**